IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GARLAND BALLENTINE #1567826 | § | |
| | § | |
| V. | § | W-19-CA-459-ADA |
| | § | |
| SGT HEATHER BROXTON, et al. | § | |

## ORDER

Before the Court are Plaintiff's complaint (#1) and more definite statement (#7). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Texas Department of Criminal Justice—Correctional Institutions Division at the Hughes Unit. Plaintiff complains that his constitutional rights are violated by the policies implemented for gang members in prison. Specifically, Plaintiff alleges that he has been in solitary confinement in administrative segregation for ten years. Plaintiff contends that because of his gang membership, TDCJ policy places him in administrative segregation, in violation of his right to due process. Plaintiff also complains that administrative segregation results in cruel and unusual punishment including the denial of contact visits, phone privileges, limited recreation, and day room time. Plaintiff also appears to complain that administrative segregation creates an equal protection problem because he is not treated equally to other prisoners.

Plaintiff also appears to complain also that the "Gang Renunciation and Disassociation Program" (GRAD) which must be completed before allowing a gang

member back into general population, is unconstitutional. He indicates that he has participated in that program, but that he has been removed from the program and forced to wait 12 months to re-enter, due to his unwillingness to cooperate with outside law enforcement regarding an investigation into his former gang. Plaintiff contends that such a requirement violates his Fifth Amendment rights and also violates TDCJ policy which does not require cooperation with outside law enforcement as a prerequisite for completing the GRAD program.

Plaintiff sues Heather Broxton, the Sergeant of Corrections, who allegedly discontinued Plaintiff's participation in the GRAD program and told Plaintiff he was required to cooperate with outside law enforcement; Jay Hart, who also discontinued Plaintiff's participation in the GRAD program; and Vicki Cundiff, a grievance officer who was allegedly deliberately indifferent to Plaintiff when handling his grievances. Plaintiff seeks to be released from administrative segregation or sent to the GRAD program without the requirement that he cooperate with outside law enforcement, and monetary compensation.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at

any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.  Eleventh Amendment Immunity

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).  Defendants in their official capacity are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984).

C.  Grievances

Plaintiff complains that Cundiff considered certain of his grievances redundant that should have been considered new greivances and generally failed to resolve his grievances as he wished due, at least in part, to her alleged negligence. Unfortunately

for Plaintiff, however, Plaintiff does not have a constitutional right to have his grievances resolved to his liking. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).

D.     Solitary Confinement

Plaintiff appears to make a general claim that his prison conditions, being held in administrative segregation due to his gang membership, are cruel and unusual. While Plaintiff's time in administrative segregation has been extensive, it does not rise to the level of an Eighth Amendment or due process violation. Placement in solitary confinement does not implicate a protected liberty interest "unless it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Thus, absent extraordinary circumstances, "administrative segregation . . . will never be a ground for a constitutional claim." *Id.* Such extraordinary circumstances are rarely found. *See e.g. Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) (holding only that due process *might* have been violated where plaintiffs had been kept on lockdown status for 30 years); *Wilkinson v. Austin*, 545 U.S. 209, 214 (2005) (holding that transfer to a "Supermax" facility for an indefinite time where almost all human contact is prohibited implicated a protected liberty interest).

To the extent Plaintiff alleges that he was deprived of equal protection because of the different conditions of confinement he faces compared to other prisoners, Plaintiff states no facts to show that he suffered disparate treatment compared with

similarly situated prisoners as a result of the prison's security-related decisions. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Indeed, the Fifth Circuit has clearly held that placement in administrative segregation as a result of information that the prisoner is a gang member does not implicate any constitutionally protected liberty interests. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996).

Plaintiff has not pointed to any extraordinary circumstances which could render his confinement in administrative segregation an atypical or significant hardship in relation to the ordinary incidents of prison life. Consequently, he has failed to show that his confinement in segregation implicates any constitutionally protected liberty interests.

E.     Participation in GRAD Program

The remainder of Plaintiff's claims involve assorted reasons that he believes his rights were violated by his expulsion from the GRAD program for failing to cooperate with outside law enforcement. Unfortunately for Plaintiff, he does not have a constitutional right to participate in the GRAD program at all. The United States Constitution does not afford prison inmates a protected right to educational or rehabilitative programs or services. *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (finding no federal constitutional right to participate in an education or rehabilitative program while incarcerated). The fact that Plaintiff has not been allowed to complete the GRAD program does not set out a cognizable claim under 42 U.S.C. §1983. *Green v. McKaskle*, 788 F.2d 1116, 1125 (5th Cir. 1986). Even if it is true that TDCJ's handling of his case and the requirement that he cooperate with

outside law enforcement violated the prison's own policies for participation in the program, this also does not set out a viable claim. The mere allegation that prison policies were not followed does not state a constitutional claim. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). Because Plaintiff has failed to allege any constitutional violations, his lawsuit must be dismissed.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the keeper of the three-strikes list.

**SIGNED** on December 13, 2019

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE